IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:20 CR 502 |
| | ) | |
| Plaintiff | ) | JUDGE:  DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| RONALD GREEN, | ) | |
| | ) | **DEFENDANT RONALD GREEN'S** |
| Defendant | ) | **SENTENCING MEMORANDUM** |

**SENTENCING MEMORANDUM**

Ronald Green is aware that This Honorable Court is familiar with the facts and procedural circumstances of this case.  Mr. Green is further aware that This Court is fully knowledgeable as to its sentencing obligations and the factors to be considered pursuant to **18 U.S.C. 3553**, in using its authority and discretion in imposing a sentence sufficient, but not greater than necessary, to comply with the purposes of Federal sentencing law. Therefore, Mr. Green, in addition to incorporating the Plea Agreement and Presentence Report into this Sentencing Memorandum, would like to direct the Court's attention to certain additional factors and reasons which he believes the Court should consider in determining a fair and reasonable sentence under **18 U.S. 3553**:

1. Per the Presentence Report, the parties the Total Offense Level prior to Acceptance of Responsibility is 14.  After Acceptance of Responsibility, it would be a Total Offense Level of 12.  Mr. Green is a Criminal History Category III.  Therefore, his Guideline Sentencing Range is 15-21 months. The plea agreement in the case at bar was reached based upon an interpretation of Texas law, with which This Court's probation department

1

differed with.  Defendant differs to the expertise of the Probation Department, and asserts that the Probation Department's conclusion is correct.

2. Mr. Green does have a history of health issues, which are documented in his Presentence Report.  These issues were influenced by his less-than-ideal childhood.

3. Ronald Green accepts full responsibility for her criminal actions, and made the following acceptance of responsibility statement: *I know what I did was wrong, and I accept full responsibility for my criminal actions.  I should not have had a gun or ammunition , and I will avoid ever possessing or being around them in the future.  I believe that I can change my life around and avoid the street life and become a good father to my children.  I will work hard at improving myself by getting my GED while in prison.  I will get a job and support my kids when I get out.  Hopefully, I will become a good role model for them.*

4. This Federal criminal case has been a wakeup call for Mr. Green.  In point of fact, he has made up his mind to never place himself in a situation in the future which can lead to his becoming involved in criminal activity. Mr. Green has the potential to be a product law abiding citizen, and he asserts that he in fact will be.

The Court must engage in an individualized sentencing of Ronald Green, which involves consideration of the factors codified at **18 U.S.C. § 3553(a)**, guided by United States v. Booker, 543 U.S. 220 (2005); Rita v. United States, 551 U.S. 338, (2007), and Gall v. United States, 552 U.S. 38, (2007). As the full Sixth Circuit stated in United States. v. Vonner, 516 F.3d 382, 392 (6th Cir.) (en banc), cert. denied, 555 U.S. 816 (2008:

> Booker empowered district courts, not appellate courts and not the

2

Sentencing Commission. Talk of presumptions, plain error and procedural and substantive rules of review means nothing if it does not account for the central reality that <u>Booker</u> breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.

Relevant portions of **18 U.S.C. 3553, Imposition of a Sentence,** read as follows**:**

(a**)** Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection**.** The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…….
***** ***** *****
(5) any pertinent policy statement……
***** ***** *****
(6) the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Ronald Green anticipates that This Court will follow **18 U.S.C. 3553** in arriving at a reasonable sentence, and will consider his personal history and characteristics, as well as the nature and characteristics of the specific offenses charged in the indictment.

    Respectfully submitted,

/s/ Thomas E. Conway
Thomas E. Conway (Reg. 0021183)
Attorney for Defendant Ronald Green
55 Public Square  Suite 2100
Cleveland, Ohio  44113
(216) 210-0470 - Phone
(216) 696-1718 - Fax
 teconway@sbcglobal.net – Email

**CERTIFICATE OF SERVICE**

I certify that the forgoing was filed electronically on April 19, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and can be accessed through said system.

/s/ Thomas E. Conway
Thomas E. Conway
Attorney for Defendant Ronald Green